370 So.2d 1220 (1979)
Gino MORETTO, Appellant,
v.
Werner STAUB, Appellee.
No. 78-1054.
District Court of Appeal of Florida, Third District.
May 15, 1979.
Jerry B. Schreiber, Miami, for appellant.
Frank, Strelkow & Gay and Peter Strelkow, North Bay Village, for appellee.
*1221 Before HENDRY and KEHOE, JJ., and SCHULZ, GEORGE E. (Ret.), Associate Judge.
SCHULZ, Associate Judge.
Appellant, Gino Moretto (defendant in the trial court) brings this appeal from a final judgment entered on April 26, 1978 in favor of the appellee, Werner Staub (plaintiff in the trial court). The action was tried non-jury.
The pertinent facts in this case are that the appellant and appellee entered into an agreement to purchase shares of a corporation known as "Chez Maxim's" for the purpose of operating a restaurant, which event occurred. Some time later, the parties had a misunderstanding and this litigation arose. The appellee alleged a payment of $20,000.00 into the above-named corporation and sued for an accounting.
Now we have another business that became involved in this suit, called "The Trattoria Pizzeria", which we will call the Italian Restaurant. This establishment comes into the picture because appellee claims that a portion of his $20,000.00 went into the Italian Restaurant, which was allegedly operated by appellant and his wife and that they benefited by the funds paid by the appellee to the appellant. This was rebutted by the appellant's wife, Mrs. Moretto, who testified at the trial that only she owned and operated the Italian Restaurant and that at no time did she play any part in the negotiations between Mr. Staub and her husband, Mr. Moretto. Her testimony was unchallenged and uncontradicted. We must also bear in mind that Mrs. Moretto, the appellant's wife, appeared in this suit only as a witness. She was never made a party to this litigation, even though the appellee had ample opportunity to join Mrs. Moretto into the subject cause and give her a chance to assert her rights according to the dictates of due process; instead, the appellee chose to ignore her rights to the subject property and business.
The court, in its final judgment which was entered in favor of Werner Staub, stated as follows:
.....
"The Court finds that the Italian Restaurant that is operated by the Defendant, GINO MORETTO and his Wife benefited directly by the funds paid by Plaintiff to the Defendant. Therefore the said judgment shall constitute a lien on the Italian Restaurant ... said lien shall attach to all income and personal property of ... said ... Restaurant."
.....
This we find to be error for the reason the final judgment takes on the form of creating a lien against the appellant's wife, a non-party, which violates her rights of due process.
For many years, the Florida courts have universally recognized that the rights of an individual cannot be adjudicated in judicial proceedings to which he or she has not been made a party and from which he or she has been excluded by the failure of the moving party to bring him properly into court. See: Alger v. Peters, 88 So.2d 903 (Fla. 1956).
In the instant cause, as was stated before, Maria Moretto was not made a party to the suit by service of process nor in any other fashion. As stated in Alger v. Peters, supra, at 906:
.....
"... It is so fundamental to our concept of justice that a citation of supporting authorities is unnecessary to hold that the rights of an individual cannot be adjudicated in a judicial proceeding to which he has not been made a party and from which he has literally been excluded by the failure of the moving party to bring him properly into court. Under our system a man's rights cannot be disposed of or otherwise determined by a judicial decree entered in absentia."
.....
Also see: E.B. Elliot Adv. Co. v. Metropolitan Dade County, 425 F.2d 1141, 1148 (5th Cir.1970).
It therefore follows that appellant's wife, Maria Moretto, and her business (referred to as "The Italian Restaurant") were improperly *1222 included in the final judgment and that paragraph 2 of the final judgment is void and of no force or effect.
Accordingly, paragraph 2 of the final judgment is hereby reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded, with directions.