462 So.2d 1212 (1985)
William W. CHASTAIN, William W. Chastain As President of William W. Chastain, P.A., William W. Chastain, P.A., World Navigation, Inc., and Hendrik Uiterwyk, Appellants,
v.
Laurie F. UITERWYK, Appellee.
No. 84-1499.
District Court of Appeal of Florida, Second District.
February 6, 1985.
Ted R. Manry, III, and Chad W. Browne of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants Chastain, etc., and World Navigation, Inc.
A. Ann Arledge of Maney & Damsker, Tampa, for appellant Hendrik Uiterwyk.
*1213 Steven T. Northcutt of Levine, Freedman, Hirsch & Levinson, Tampa, for appellee.
DANAHY, Judge.
This is an appeal from three nonfinal orders entered in the dissolution of marriage proceedings between Hendrik Uiterwyk and Laurie F. Uiterwyk. The appellants Chastain and World Navigation, Inc., are not and have never been made parties to these proceedings. World Navigation is a Florida corporation of which Hendrik Uiterwyk is president and chairman of the board, but not the sole stockholder. Chastain, an attorney, is a personal friend of Hendrik Uiterwyk who represents World Navigation and apparently also represents Hendrik Uiterwyk personally in some matters.
The trial judge entered an order for payment of temporary support for Laurie Uiterwyk and the parties' children. Hendrik Uiterwyk filed a motion to reduce the amount of the temporary support and Laurie Uiterwyk filed a motion for contempt for nonpayment of temporary support. At hearings before the trial judge it was revealed that $50,000 of funds belonging to World Navigation had been placed in Chastain's trust account subject to disbursement only upon orders given by Hendrik Uiterwyk. The funds had been partially disbursed, including payments to Chastain as retainers for legal services involving World Navigation, payments for business expenses of World Navigation, and payments for personal expenses of Hendrik Uiterwyk.
Laurie Uiterwyk moved the trial court to enjoin Hendrik Uiterwyk and Chastain from disbursing or dealing with $2,194.31 of World Navigation funds remaining in Chastain's trust account, and $7,000 of the trust account funds which had previously been paid to Chastain for services to be rendered on behalf of World Navigation, but which had not yet been earned. The trial judge granted Laurie Uiterwyk's motion and entered an order on June 4, 1984, enjoining Hendrik Uiterwyk and Chastain from disbursing any of the funds remaining in the Chastain trust account representing funds deposited by World Navigation and also enjoining them from disbursing the $7,000 which had been paid to Chastain from the trust account as a retainer for services to be rendered. The appellants appeal this order.
Laurie Uiterwyk then filed a motion for entry of an order directing Hendrik Uiterwyk to pay costs incurred by her attorneys. The motion requested that the funds be paid directly to the attorneys for Laurie Uiterwyk from the funds previously enjoined. On June 19, 1984, the trial judge entered an order granting that motion and directing payment of $7,564.41 in costs from the enjoined funds of World Navigation and Chastain to counsel for Laurie Uiterwyk. The appellants appeal this order.
World Navigation and Chastain filed a motion to dissolve the June 4 injunction on the ground that the trial judge was without jurisdiction to control the funds of World Navigation, which was not a party to the lawsuit. The trial judge denied that motion and the appellants appeal.
The appellants argue that the trial judge exceeded his jurisdiction in enjoining and directing disbursement of the funds of World Navigation in the possession of Chastain, when neither World Navigation nor Chastain are before the court and the funds do not represent marital assets of the parties to this dissolution action. We are compelled to agree. It is well settled in American jurisprudence that no court can make a decree which will bind anyone but a party. Alemite Mfg. Corp. v. Staff, 42 F.2d 832 (2d Cir.1930). While the trial judge clearly has jurisdiction to direct or enjoin Hendrik Uiterwyk personally as to funds in his possession or subject to his control, he had no jurisdiction to enter orders binding on Chastain or World Navigation, or affecting funds belonging to World Navigation.
Accordingly, we reverse the orders appealed and remand for further proceedings.
RYDER, C.J., and FOGLE, HARRY W., Associate Judge, concur.