560 So.2d 1317 (1990)
Ruth CHASE, Appellant,
v.
Susan L. TURNER, Appellee.
No. 88-448.
District Court of Appeal of Florida, First District.
May 1, 1990.
*1318 Baya M. Harrison, III, Tallahassee, for appellant.
F. Phillip Blank, P.A. and Sandra P. Stockwell of Broad and Cassel, Tallahassee, for appellee.
PER CURIAM.
This is an appeal from an amended final judgment in which appellant, Ruth Chase, contends that the trial court erred in entering personal judgment for attorney's fees and monetary damages against her, individually, in a suit for corporate dissolution and liquidation. We find the issues concerning attorney's fees moot, or not properly before us for review. As to the award of monetary damages, we affirm.
After differences between appellant and Susan Turner, appellee, led to an impasse with respect to operation of the business known as Food Glorious Food, Inc. (FGF) in which Chase and Turner each owned fifty percent of the stock, Turner filed suit to dissolve and liquidate the corporation. In count I of the complaint, Turner sought dissolution, liquidation pursuant to chapter 607, Florida Statutes, and an accounting against the corporation. Chase was not named as a party defendant as to count I. However, in counts II and III, Turner sought recovery of monetary damages against Chase on various theories, including conversion, civil theft of cash and assets, loss of profits, dividends, and loss of income as a corporate employee.
After lengthy proceedings, in which Chase denied, among other things, Turner's status as a corporate shareholder, the trial court entered a final judgment adjudicating Turner to be a 50% stockholder, dissolving the corporation, appointing a receiver and ordering a liquidation sale. The court also awarded judgment for $22,354.90 in favor of Turner against the corporation, and against Chase, individually, for "an accounting," and further found Turner entitled to attorney's fees and costs, without determining the amount, against both defendants.[1] Pursuant to the judgment, sale of the business was carried out, at which Turner became the purchaser. By supplemental order, the court determined that the outstanding judgment for $22,354.90 had been satisfied by a credit to Turner against the purchase price. The court also ordered that the judgment against Chase for attorney's fees incurred in the main litigation was also deemed satisfied by reason of Turner's stipulation not to pursue recovery of these fees.
We will first consider appellant's argument, in point II of her brief, that the trial court erred in entering personal judgment *1319 for $22,354.90.[2] Here, appellant points to the language of the final judgment in which the trial court awarded judgment in the stated amount "for an accounting" against both the corporation and Chase. Chase then argues that because a claim for "an accounting" was mentioned only in count I of Turner's three-count complaint, and Chase was not named as a party defendant as to count I, the judgment purporting to award damages against Chase individually "for an accounting" must be set aside.
We agree with Chase's initial premise  that a court cannot award judgment against someone who is not a party to the action. Alger v. Peters, 88 So.2d 903 (Fla. 1956); Chastain v. Uiterwyk, 462 So.2d 1212 (Fla. 2d DCA 1985); Pan Am Bank of Miami v. Osgood, 383 So.2d 1095 (Fla. 3d DCA), rev. den., 392 So.2d 1377 (Fla. 1980); Moretto v. Staub, 370 So.2d 1220 (Fla. 3d DCA 1979). We disagree, however, with appellant's conclusion that this principle of law controls the resolution of this issue. Chase was clearly a party to the action below, and relief against her individually was sought in both counts II and III. Only if it can be determined, under the allegations of the complaint, that a cause of action against Chase individually was not pleaded, or if the evidence presented below was insufficient to prove a cause of action for liability personally against Chase,[3] can Chase prevail on this argument. Upon examination of the complaint, we find that allegations common to both counts II and III (which name Chase as the sole defendant) include the following: That Chase denied Turner access to the business premises during the period encompassed by their dispute; that Chase denied Turner equal management of the corporation and its funds, and failed to account (emphasis supplied) to Turner for the income and expenses of the business; failed to share with Turner the profits of the business, and failed to pay a corporate debt, resulting in judgment against Turner as a personal guarantor. In addition, count II alleged that cash and equipment was converted by Chase to her own use; and count III realleges the denial of access, Chase's failure to share in profits of the corporation, and conversion of all income and assets to her personal use. Count III further specifically claims damages against Chase for Turner's loss of profits and dividends of the corporation, and Turner's loss of income as a corporate employee. Thus, as seen from the foregoing, it cannot be argued that no cause of action for relief against Chase individually was stated in the complaint;[4] nor is it accurate to state (as Chase does on appeal) that only count I (in which Chase was not named as defendant) seeks relief in the nature of "an accounting."
We find equally without merit Chase's contention that Chase "prevailed" as to counts II and III. In fact, a basis for judgment adverse to Chase individually, particularly as to count III, is found in a specific recital of the final judgment:
N. From the evidence presented, it is impossible to determine what share of the net profits of FOOD GLORIOUS FOOD, INC., if any, were disbursed as dividends or otherwise to MS. CHASE from 1984 forward. MS. CHASE has received the benefit of the prolonged litigation by continuing the sole operation *1320 of the business during the years 1985, 1986, and 1987. The Court finds that a fair estimate of the benefits due MS. TURNER during this period to be [sic] $22,354.90.
While it is true, as Chase contends, that the trial court was "unable to find any improper handling of the corporate affairs" by Chase, this finding, when read in conjunction with the other findings, as well as decretal portions of the final judgment, is more logically interpreted as a reference to the successful operation of the business as conducted by Chase during the "lockout" period. It is apparent, moreover, that the award of $22,354.90 in favor of Turner was to compensate Turner for her loss of "benefits" (the nature of which were clearly spelled out in Turner's complaint), to which she would have been entitled as a result of those business operations, but for the actions of Chase. It is undisputed that appellant Chase for three years treated the business  including Turner's investment  as her own business, enjoying all the profits and benefits from its operation, to the exclusion of Turner.
Finally, as to the award against Chase, we are bound by the rule that the theory or reason advanced by a trial court for making an order is not controlling, and if there is any reason or theory to support the ruling, it will be affirmed. Youst v. Rieve Enterprises, Inc., 461 So.2d 178 (Fla. 1st DCA 1984), rev. den., 469 So.2d 750 (Fla. 1985); Atlantic Plaza Partnership v. Daytona Sands, Inc., 357 So.2d 761 (Fla. 1st DCA 1978). Significantly, appellant does not challenge the propriety of the trial court's award of judgment against the corporation (see footnote 2, supra); nor does she question the amount of the award ($22,354.90, the same amount as the judgment awarded against Chase, individually). Also, as we have previously noted (see footnote 3, supra), appellant's failure to submit a trial transcript precludes any argument on appeal that the evidence presented was insufficient to support the judgment against Chase on one or more of the theories upon which counts II and III of the complaint were based.
Turning next to appellant's contention that the trial court erred in awarding attorney's fees against Chase, individually, we observe initially that the award of attorney's fees in favor of appellee Turner, was also made an award against the corporation to be paid from corporate assets or proceeds of the sale, which is proper, under section 607.277(3), Florida Statutes. The amended final judgment provided, in part, that the proceeds resulting from the sale of the business "shall be first applied to attorney's fees and costs incurred by Mrs. Turner... ." We find no basis for review of this award against Chase individually, however, because the sale has been completed, and Chase has not challenged the legality of the sale and the distribution of the proceeds of the sale; and furthermore, the record also discloses Turner's formal relinquishment of any claim for recovery of the initial award of attorney's fees against Chase, as reflected by post-judgment order entered by the trial court. In this order, which has not been appealed, the trial court confirmed sale of the corporate assets to Turner, reciting the satisfaction of the $22,354.90 judgment against both the corporation and Chase; and further, pursuant to Turner's stipulation, the court also entered satisfaction of the judgment for attorney's fees incurred by Turner in the dissolution litigation and assessed personally against Chase. As for the award of supplemental attorney's fees, which were incurred by Turner's counsel in obtaining dismissal of bankruptcy proceedings improperly instituted by Chase following the final judgment,[5] we find that we have no jurisdiction to review the award of supplemental fees, because this order granted relief not provided for in the final judgment on appeal, *1321 and Chase failed to properly invoke this court's jurisdiction with respect to the order awarding such fees by timely filing a new notice of appeal. See, Velickovich v. Ricci, 391 So.2d 258 (Fla. 4th DCA 1980), rev. den., 402 So.2d 614 (Fla. 1981). Hubert v. Division of Administration, 425 So.2d 671 (Fla. 2d DCA 1983).
Accordingly, the judgment appealed is in all respects,
AFFIRMED.
SMITH and NIMMONS, JJ., concur.
BARFIELD, J., dissents with opinion.
BARFIELD, Judge, dissenting.
The majority's characterization of counts II and III of the amended complaint, as containing "one or more" theories upon which a personal judgment against Ruth Chase may be sustained, is not supported by the allegations of the amended complaint or by the findings of the trial judge.
Only count I sought an accounting and named only the corporation as a defendant. Paragraphs 2 through 9 alleged ultimate facts and other matters, some material while others immaterial, pertinent to an involuntary dissolution of the corporation and accounting for distribution. Among those allegations were that Ruth Chase mismanaged the corporate affairs, failed to account for corporate assets and misapplied corporate assets, all of which would only be material to the request for a receiver to manage the business during dissolution and liquidation. However, no receiver was so appointed, and it was not until after entry of judgment and necessity for public sale arose that the court appointed a receiver to conduct the liquidation sale.
Counts II and III of the amended complaint each indiscriminately incorporated paragraphs 2 through 9 of count I, being all the factual allegations of count I. However, count II sought damages solely on a claim of conversion or civil theft of corporate cash and personal assets of Susan Turner. One can readily see that allegations such as deadlock voting, physical lockout and failure to account are immaterial to this claim. Ruth Chase could have allowed Susan Turner in, voted in agreement with her and fully accounted for corporate profit and still have stolen from her.
Count III is more nebulous but seeks damages specifically for "unauthorized actions by Chase." If that is to state a cause of action, it must be construed to allege improper conduct by Ruth Chase amounting to a civil wrong, i.e., a tort. Again, the allegations incorporated by reference as ultimate facts do not constitute a cause of action and, for the most part, are both immaterial and irrelevant. Paragraph 3 of count III sets forth the summary of "unauthorized actions by Chase" for which damages were sought. Those actions were denial of access to the premises, denial of equal management, failure to share the profits and conversion of "all income and assets of the corporation to her personal use."
Neither count II nor count III sought an accounting from Ruth Chase.
Regardless of what evidence was presented at trial and unknown to this court, we are bound by the pleadings and findings of the trial judge, all of which are in the record and none of which can support the judge's entry of a personal judgment against Ruth Chase. The trial judge made the following finding, which is the only finding made concerning Ruth Chase's conduct:
While the deadlock exists, the Court is unable to find any improper handling of the corporate affairs by Ms. CHASE, or that her salary is out of line with the time and effort she has put into operating and managing the day to day affairs of FOOD GLORIOUS FOOD, INC. since November, 1984, even though said management was without the concurrence of Mrs. TURNER.
Nowhere did the trial judge make a finding of any illegal or tortious conduct on the part of Ms. Chase.
In the decretal portion of the amended final judgment the trial judge ordered:

*1322 Judgment is entered in favor of Mrs. TURNER and against FOOD GLORIOUS FOOD, INC. and RUTH CHASE, in MRS. TURNER's action for an accounting in the amount of $22,354.90... . (emphasis added)
Ruth Chase cannot be subjected to a personal claim for accounting by osmosis or in violation of the notice requirements of due process.
There is no disagreement with the majority's statement of the law. It is the application of the law in this case with which I disagree. I would reverse the personal judgment against Ruth Chase.
NOTES
[1] A final judgment was entered on January 19, 1988. On the following day, January 20, 1988, the trial court entered an amended final judgment identical in all material respects to the original final judgment with exception of the addition of Chase's name to paragraph 2 in which the court ordered judgment for $22,354.90 in favor of Turner.
[2] Chase in her brief acknowledges that Turner's entitlement to "benefits" of $22,354.90 is uncontested on appeal; she urges, however, that this amount is due only from the corporation, and cannot be assessed against Chase by personal judgment.
[3] Appellant having failed to submit a trial transcript, review of the sufficiency of the evidence to support the judgment against Chase is precluded. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
[4] Turner's answer brief cites persuasive authority supporting liability against Chase personally under a "breach of fiduciary duty" theory. Chase cites no contrary authorities, but refers in response to citations in her initial brief dealing with a stockholder's liability to a third party for corporate debts, and the burden of proof required for "piercing the corporate veil," which we find inapplicable under the facts presented here.
[5] This ill-advised attempt by Chase to avoid the effects of the circuit court judgment was undertaken on the advice and with the assistance of a person or persons other than counsel representing Chase in this appeal.