COBB, Judge.
The issue on this appeal is whether discovery in aid of execution (a deposition duces tecum) against the appellant Harris, in his individual capacity, is proper where he was named as a trustee, and not as an individual party, in the pleadings and judgment below.
The appellee, Martin, obtained a deficiency judgment against “Harris as Trustee,” and is now attempting to execute that judgment against Harris individually. Martin’s theory is that his judgment is actually against Harris individually, and that the “trustee” designation in that judgment and in the pleading upon which it is predicated is mere surplusage, since no trust agreement, enumeration of trustee powers, nor identification of beneficiaries ever surfaced in the pleadings or evidence before the trial court. The question boils down to whether Harris is estopped to assert the existence of the trust (having never established its existence before the trial court) or whether Martin is estopped to deny it (having obtained a judgment against Harris as trustee).
*1213 We must conclude that if Martin had wanted a judgment against Harris individually, he should have sought one at some stage of the proceedings below. Apparently, he never did. While it may or may not be possible to obtain such a judgment, none is now extant which can support a levy against Harris individually. Due process requires that we reverse the trial court’s denial of Harris’ motion for a protective order. Pacesetter Builders-Joint Venture, Inc. v. Coral Springs Property Services, Inc., 531 So.2d 1061 (Fla. 4th DCA 1988); see generally, Exceletech, Inc. v. Williams, 579 So.2d 850 (Fla. 5th DCA 1991); Neff v. Adler, 416 So.2d 1240 (Fla. 4th DCA 1982).
REVERSED.
COWART and HARRIS, JJ., concur.