616 So.2d 1175 (1993)
William E. HAMLIN, a/k/a W. Earl Hamlin, and Virginia W. Hamlin, Appellants,
v.
EAST COAST PROPERTIES, INC. and Rogers, Taylor & Co., Appellees.
No. 92-670.
District Court of Appeal of Florida, First District.
April 16, 1993.
*1176 Tyrie A. Boyer of Boyer, Tanzler & Boyer, Jacksonville, for appellants.
Robert B. Persons, Jr., of Buschman, Ahern & Persons, Jacksonville Beach, for appellee East Coast Properties.
Don H. Lester of Mahoney, Adams & Criser, Jacksonville, for appellee Rogers, Taylor & Co.
KAHN, Judge.
The Hamlins appeal from an order entered on February 11, 1992 granting specific performance of a real estate option contract in favor of the contract vendee East Coast Properties, Inc. The order also awarded appellee Rogers, Taylor & Co. (RTC) recovery from the Hamlins in the amount of $9,000.00 for a real estate commission due on the sale of the subject property, formerly owned by the Hamlins. Having carefully considered each of the eight points raised by the Hamlins in their challenge to the final judgment of specific performance, we find no reversible error, and accordingly affirm. See generally, Schmidt v. Matilsky, 490 So.2d 237 (Fla. 1st DCA 1986).
By a ninth point in their brief, appellants challenge an order entered by the trial court on February 27, 1992, which awarded attorney's fees to RTC. The record is clear that appellants filed their notice of appeal on February 26, 1992, and that such notice of appeal was directed to the aforementioned judgment granting specific performance. Appellants neither filed a new notice of appeal, nor amended their prior notice of appeal at any time. Accordingly, this court does not have subject matter jurisdiction to consider on appeal the February 27, 1992 order. Chase v. Turner, 560 So.2d 1317 (Fla. 1st DCA 1990); Velickovich v. Ricci, 391 So.2d 258 (Fla. 4th DCA 1980), rev. denied, 402 So.2d 614 (Fla. 1981).
Recognizing the jurisdictional problems caused by their attempt to have us consider the February 27 order in conjunction with this appeal,[*] the Hamlins have filed in this court a petition for writ of prohibition seeking an order prohibiting the trial court from enforcing the attorney's fee award to RTC on the theory that the trial court was without jurisdiction to enter such order. The relevant facts reveal, however, that one day after the trial court entered the order regarding attorney's fees, appellants actually paid the fees over to RTC at a real estate closing that was required by the terms of the court's earlier order of specific performance. Thus, we must consider whether, on these facts, a writ of prohibition is properly sought. We discern the following applicable strictures to the remedy of prohibition:
Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction. It is preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower court is about to do. Its purpose is to prevent the doing of something, not to compel the undoing of something already done. It cannot be used to revoke an order already entered. State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla. 1974), State ex rel. R.C. Motor Lines, Inc. v. Boyd, et al., 114 So.2d 169 (Fla. 1959), State ex rel. Shailer v. Booher, 241 So.2d 720 (Fla. 4th DCA 1970). Where proceedings sought to be prohibited have been completed and matters therein disposed of, prohibition may not be used for the sole purpose of establishing principles to govern future cases.
English v. McCrary, 348 So.2d 293, 296-297 (Fla. 1977).
Applying the foregoing statements of law, it is clear that prohibition will not lie to undo that which has already been conclusively *1177 accomplished pursuant to the trial court's order of February 27, 1992. We therefore deny the Hamlins' request for a writ of prohibition.
The February 11, 1992 judgment is AFFIRMED. The challenge to the February 27, 1992 order is DISMISSED.
WOLF and WEBSTER, JJ., concur.
NOTES
[*] Appellate counsel for the Hamlins was not involved in the trial of this case nor did he file the notice of appeal.