664 So.2d 16 (1995)
Milton A. NORVILLE, PH.D. d/b/a East Shores Psychological Services and Comprehensive Homecare, Inc., Appellant,
v.
BELLSOUTH ADVERTISING AND PUBLISHING CORPORATION, Appellee.
No. 95-1203.
District Court of Appeal of Florida, Third District.
November 8, 1995.
Rehearing Denied December 20, 1995.
Phillips & Phillips, and David P. Phillips, Lauderdale Lakes, for appellant.
Howard W. Mazloff, Miami, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Milton A. Norville, Ph.D. (Norville), d/b/a East Shores Psychological Services and Comprehensive Homecare, Inc., appeals a writ of execution to satisfy a default judgment in favor of appellee, Bell South Advertising and Publishing Corporation (Bell South). We reverse.
Bell South filed suit against "Milton A. Norville, Ph.D. d/b/a East Shores Psychological Services and Comprehensive Homecare, Inc." Bell South's complaint characterized the appellant as "a corporation doing business in North Miami." Because the appellant failed to file an answer to the complaint, the trial court entered a default judgment in favor of Bell South.
After entering the default judgment, the trial court held that Bell South could recover against Norville's noncorporate property. While Norville challenges execution against his personal property, he neither challenges the propriety of the default judgment nor seeks to have the judgment set aside.
Entering a judgment against a nonparty is fundamental error. Alger v. Peters, 88 So.2d 903 (Fla. 1956) (en banc); see Chase v. Turner, 560 So.2d 1317 (Fla. 1st DCA 1990); Pan Am. Bank of Miami v. Osgood, 383 So.2d 1095 (Fla. 3d DCA), rev. denied, *17 392 So.2d 1377 (Fla. 1980); Moretto v. Staub, 370 So.2d 1220 (Fla. 3d DCA 1979); Board of Pub. Instruction of Dade County v. Feller, 219 So.2d 737 (Fla. 3d DCA), cert. denied, 225 So.2d 917 (Fla. 1969).
As stated by the Florida Supreme Court, "[i]t is so fundamental to our concept of justice that a citation of supporting authorities is unnecessary to hold that the rights of an individual cannot be adjudicated in a judicial proceeding to which he has not been made a party and from which he has literally been excluded by the failure of the moving party to bring him properly into court." Alger, 88 So.2d at 906.
Here, nothing in the complaint indicated Bell South intended to sue Norville as an individual. To the contrary, the language of the case caption shows that Bell South sued the business conducted by Norville in his professional capacity. Bell South's failure to sue Norville individually protects Norville's personal assets from execution pursuant to the judgment against Norville's corporation. See Harris v. Martin, 606 So.2d 1212 (Fla. 5th DCA 1992) (holding that judgment against party "as trustee" was not against party individually).
Reversed and remanded.