904 So.2d 641 (2005)
Susan BESEAU, etc., et al., Appellants,
v.
Kirit BHALANI, M.D., et al., Appellees.
Nos. 5D04-1847, 5D04-2118.
District Court of Appeal of Florida, Fifth District.
June 24, 2005.
Edna L. Caruso and Diran V. Seropian, West Palm Beach, Sheldon J. Schlesinger and Scott M. Newmark, of Sheldon J. Schlesinger, P.A., Fort Lauderdale, and Louis Ossinsky, Jr., of Ossinsky & Krol, P.A., Daytona Beach, for Appellants.
Jennifer S. Carroll and David Noel of Law Offices of Jennifer S. Carroll, P.A., Palm Beach Gardens, for Appellees Kirit Bhalani, M.D., and Anthony J. Conte, M.D.
Esther E. Galicia of George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens, Fort Lauderdale, for Appellee Memorial Health Services, Inc., and Mark T. Labor, CRNA.
PER CURIAM.
In this wrongful death action, we are asked to review the propriety of orders awarding attorney's fees and costs in favor of Appellees who prevailed after jury trial.[1] Specifically, we must determine whether it was fundamental error to assess attorney's fees and costs against Appellant in her individual capacity.[2]
Appellees concede that, pursuant to the applicable wrongful death statutes, only the decedent's personal representative may bring an action on behalf of the survivors and the estate. Appellees likewise acknowledge that, under ordinary circumstances, the estate would bear sole liability *642 for any attorney's fee or cost award arising from such an action. Nevertheless, Appellees urge that we should affirm here because Appellant was expressly named in the caption of the complaint in both her individual and representative capacities, and because Appellant failed to interpose any objection to the fee awards. We disagree and reverse.
Although Appellant, "individually" was named in the complaint's caption, the body of the complaint makes clear that her claims were made solely as personal representative of the estate. Thus, Appellant was never a party to the action in her individual capacity. Altamonte Hitch & Trailer Service, Inc. v. U-Haul Co. of Eastern Florida, 498 So.2d 1346, 1348 (Fla. 5th DCA 1986) (the body of the complaint, not the caption, determines who is party to action). Because Appellant, individually, was never a party to the proceeding, the entry of judgments against her was erroneous, notwithstanding the lack of objection. See Fisher v. State, 840 So.2d 325, 330 (Fla. 5th DCA 2003) (restitution order entered against mother of juvenile who appeared only as parent and not as party violated due process and was void); Norville v. Bell South Advertising & Publ'g Corp., 664 So.2d 16 (Fla. 3d DCA 1995) (judgment against nonparty fundamental error).
Accordingly, we vacate the orders and amended orders to the extent that the awards were made against Appellant in her individual capacity.
Vacated in Part; Affirmed in Part.
THOMPSON, J., and HARRIS, C.M., Senior Judge, concur.
TORPY, J., concurs and concurs specially with opinion.
TORPY, J., concurs and concurs specially.
I write to express my view regarding an issue addressed by one of the parties during oral argument of these appeals. Counsel for Appellees, Memorial Health Services, Inc. and Mark Labor, noted that a cost judgment had been entered in favor of a co-defendant, Dr. Wuamett, and against Ms. Beseau in her individual capacity, from which no appeal was taken. In my view, despite the lack of direct challenge to that judgment, it is, nevertheless, subject to collateral attack based upon the court's holding today. See Moretto v. Staub, 370 So.2d 1220, 1221 (Fla. 3d DCA 1979) (judgment entered against nonparty violates due process); Fisher v. State, 840 So.2d 325, 330 (Fla. 5th DCA 2003) (restitution order entered against nonparty violated due process and was void); Wright v. Lewis, 870 So.2d 179, 182 (Fla. 4th DCA 2004) (void judgment is subject to collateral attack).
NOTES
[1] The cost awards are the subject of Fifth DCA Case No. 5D04-2118, which we sua sponte consolidate with the instant appeal. The original attorney's fee orders were consolidated with the main appeal, Fifth DCA Case No. 5D03-3537. The instant case addresses the amended attorney's fee awards which we deem to have superseded the original attorney's fee awards. Attorney's fees were awarded based on the offer of judgment statute.
[2] No challenge is made to the orders to the extent that they impose such fees and costs against Appellant in her capacity as personal representative of her late husband's estate.