966 So.2d 484 (2007)
Stephen J. OLDOCK and Laurie A. Oldock, Appellants,
v.
DL & B ENTERPRISES, INC. and Jose Aguilar, Appellees.
No. 2D06-3494.
District Court of Appeal of Florida, Second District.
October 12, 2007.
Seth V. Alhadeff and Andrew M. Greenidge of Bressler, Amery & Ross, P.C., Miramar, for Appellants.
Hinda Klein of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for Appellee DL & B Enterprises, Inc.
No appearance for Appellee Jose Aguilar.
BEACH, ROBERT, Associate Senior Judge.
Stephen and Laurie Oldock appeal the dismissal of their suit for personal injury damages against DL & B Enterprises. We reverse and remand for further proceedings.
On September 26, 2005, the Oldocks, who are Florida residents, filed their complaint against DL & B in the Twentieth Judicial Circuit Court in Collier County, Florida. The complaint alleged that Stephen Oldock was injured while visiting at DL & B's North Carolina premises in 2003 by a forklift which was negligently operated by an employee of DL & B. The complaint further alleged that DL & B's principal place of business was in North Carolina but that it "engages in substantial and not isolated activity within the State of Florida" which subjected it to jurisdiction under Florida's long-arm statute, section 48.193(2), Florida Statutes (2003). The complaint stated that Stephen Oldock was employed by King Farms, Inc., a Florida corporation engaged in buying fresh produce from DL & B and reselling it in Florida.
*485 DL & B filed a Motion to Dismiss and Transfer based on section 47.011, Florida Statutes (2005), which governs venue but states specifically that it does not apply to actions against nonresidents. The Oldocks filed an opposition to the motion and a hearing before Judge Daniel R. Monaco was scheduled for February 16, 2006. There is no transcript of the hearing, but the clerk's minutes reflect that DL & B withdrew its motion to dismiss and moved to amend. The minutes reflect that Judge Monaco denied the motion to amend.
On April 3, 2006, DL & B filed an amended motion raising lack of personal jurisdiction and forum non conveniens. The amended motion to dismiss was supported by the affidavit of Linda Wilson, an officer of DL & B. The affidavit stated that DL & B "does not engage in substantial activities in Florida . . . does not advertise or transport goods into the State of Florida . . . [and] does not have any agents or offices in the State of Florida." The Oldocks filed a response in opposition to the amended motion contending principally that DL & B had waived its personal jurisdiction defense by basing its original motion on lack of venue. Stephen Oldock also filed an affidavit stating that "DL & B sold almost all of its produce to King Farms, Inc. . . . derived the bulk of its income from its dealing with King Farms Inc. and shipped approximately one third of its produce into Florida on a regular basis." The affidavits of Wilson and Oldock clearly conflict.
A hearing was conducted before Judge Lawrence D. Martin on July 7, 2006, at which no testimony was taken. On September 12, 2006, the trial court rendered its Order of Final Dismissal Nunc Pro Tunc and Termination of Action, holding that the trial court did not have personal jurisdiction over DL & B. The Oldocks complain here that Judge Martin had no authority to allow DL & B to file its amended motion after Judge Monaco had denied the motion to amend. However, any ruling by the trial court denying DL & B's motion to amend was interlocutory, and it is well established that a trial court may consider and modify interlocutory orders at any time until final judgment is entered. Oliver v. Stone, 940 So.2d 526, 528 (Fla. 2d DCA 2006).
We reverse and remand the trial court's Order of Final Dismissal because the court did not conduct a limited evidentiary hearing to resolve the disputed issues of fact raised by the conflicting affidavits filed by the parties. In Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla. 1989), the court stated that "in cases such as this, the trial court will have to hold a limited evidentiary hearing in order to determine the jurisdiction issue." This court recently followed the admonition in Venetian Salami in Resource Healthcare of America, Inc. v. McKinney, 940 So.2d 1139 (Fla. 2d DCA 2006). We stated:
When a nonresident defendant moves to dismiss a complaint for lack of long-arm jurisdiction and files an affidavit "or other sworn proof," the burden is placed on the plaintiff to prove by affidavit or other sworn proof the basis upon which jurisdiction may be obtained. . . . If the affidavits conflict, the trial court should hold a limited evidentiary hearing to resolve the disputed issues of fact and to determine the jurisdiction issue. Venetian Salami, 554 So.2d at 503. Once the court determines that the facts are sufficient to bring the defendant within the reach of the long-arm statute, the court must also consider whether the defendant has sufficient minimum contacts with the state so that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Id. This requires the court to determine *486 whether the defendant has availed itself of the privilege of doing business in Florida or has committed acts with an effect in Florida such that it would anticipate being haled into Florida courts.
Id. at 1140-41.
Reversed and remanded for further proceedings consistent with this opinion.
NORTHCUTT, C.J., and FULMER, J., Concur.