PER CURIAM.
6-F Corporation, First Affiliated Securities, Intertrade Development Corp., Top of the Bridge Corp., and Pedro Castillo (collectively “the defendants”) appeal an adverse final judgment in favor of Banco Dominicano Del Progreso, S.A., BDP International Finance Corporation, Caribbean Card Systems, Inc., and Crediprogreso, S.A. (collectively “the plaintiffs”). We affirm.
Pedro Castillo, individually and through his companies, stole millions of dollars from the plaintiffs. The plaintiffs sued the defendants for conversion, civil theft, fraud, breach of fiduciary duty, indemnification, and constructive trust and equitable lien. After a ten-day bench trial, the trial judge found in favor of the plaintiffs on all counts and awarded treble damages jointly and severally against the defendants on the civil theft count, amounting to approximately $80 million. The defendants appealed.
On appeal, the defendants contend that the trial court erred in awarding treble damages jointly and severally against all defendants on the civil theft claim. The plaintiffs assert that the award was proper. We agree with the plaintiffs.
The plaintiffs filed a civil theft claim that stated:

COUNT XII

CIVIL THEFT AGAINST DEFENDANT CASTILLO
180. Incorporated by reference, as if repeated, herein are all allegations of fact set forth in paragraphs 1 through 179.
181. Defendant Castillo wrongfully and without the knowledge, consent, or authorization of Plaintiffs, misappropriated funds belonging to Plaintiffs for his own use and/or benefit and/or for the use and/or benefit of Defendants 6-F Corporation, FAS, TOB, Intertrade Development and other of his sham companies.
182. Defendant Castillo obtained and retained these funds for his own use and/or benefit and/or for the use and/or benefit of Defendants 6-F Corporation, FAS, TOB, Intertrade Development and other of his sham companies with the felonious intent to commit a theft and to permanently deprive Plaintiffs of their lawful rights to those funds.
183. On June 1, 2006, Plaintiffs sent Defendant Castillo, through his counsel, a demand for the stolen funds. The Plaintiffs received no response nor have any of the funds been returned.
WHEREFORE Plaintiffs demand treble the amount of damages proven at trial.
Although the title of the civil theft count appeared to refer to Castillo individually, we find that it is clear from the body of the count that the plaintiffs intended 6-F Corporation, FAS, TOB, Intertrade Development, and other of his sham companies to be responsible for the civil theft. See Beseau v. Bhalani, 904 So.2d 641, 642 (Fla. 5th DCA 2005). Further, the civil theft count incorporates by reference all other allegations in the complaint that Castillo and the defendants should be held jointly and severally liable. See Acadia Partners, L.P. v. Tompkins, 759 So.2d 732, 736-37 (Fla. 5th DCA 2000).
Therefore, the trial court properly awarded treble damages jointly and severally against Castillo individually and against the other corporate defendants. Accordingly, we affirm the final judgment in favor of the plaintiffs.
Affirmed.
GERSTEN and SUAREZ, JJ., concur.