PER CURIAM.
We affirm the trial court’s final judgment as to William E. Pace, as Trustee of the Earl H. Pace Irrevocable Trust. We must, however, remand this case to the trial court to determine whether William E. Pace, individually, was a party to this proceeding due to inconsistencies in the *1001 record regarding the parties to this lawsuit. The entry of a judgment against a non-party is fundamental error, notwithstanding the lack of objection. Beseau v. Bhalani, 904 So.2d 641, 642 (Fla. 5th DCA 2005).
While the third amended complaint, filed May 9, 2008, upon which this matter went to trial, names William E. Pace, individually, and as Trustee, Pace had moved to change the style of the case to reflect the actual status of pleadings docketed on or about July 11, 2008. The trial court, on November 18, 2008, entered an order on Paces motion stating the defendant William E. Pace, Trustee of the Earl H. Pace Irrevocable Trust, is the sole party defendant regardless of any other names under which he may have been or currently is known. The record presented to this court is unclear as to whether William E. Pace was individually a party to this case.
Accordingly, we remand this case to the trial court to determine whether or not William E. Pace, individually, was a party to this proceeding, and to enter an amended judgment reflecting the same.
AFFIRMED IN PART; REMANDED.
GRIFFIN and PALMER, JJ„ and PERRY, B., Associate Judge, concur.