BENTON, C.J.
Harrell & Harrell, P.A. (Harrell & Harrell) and Daniel J. Glary seek review of a nonfinal order directing them to transfer funds to the receiver appointed to wind up Glary & Israel, P.A. (Glary & Israeli’s affairs. We have jurisdiction of the appeal. See Fla. R. App. P. 9.030(b)(1)(B); 9.130(a)(3)(C)(ii). We reverse the portions of the order appellants challenge,[1] because the trial court transferred disputed funds to the receiver without the benefit of any pleading alleging or evidence establishing the receiver’s right to the funds.
Through the end of 2005, the now defunct law firm of Glary & Israel represented workers’ compensation claimants, many of whom had signed contracts of representation with another law firm, Harrell & Harrell. (In January or February of 2006, Glary & Israel signed superseding contracts of representation with many of the Harrell & Harrell clients.) In March of 2006, Mr. Glary denied Jonathan B. Israel, co-founder of the firm, access to Glary & Israel’s files and to the office Glary & Israel had occupied. (The relationship between Mr. Glary and Mr. Israel had begun to deteriorate near the end of 2005 in the wake of disclosures that a bookkeeper had been embezzling.)
Mr. Israel began the present proceeding by filing a complaint seeking dissolution of Glary & Israel, an accounting of the firm’s assets, and the appointment of a receiver. The complaint sought no relief from Harrell & Harrell, and did not name Harrell & Harrell as a party. On November 1, 2006, the trial court appointed a receiver and directed the receiver to marshal all assets of Glary & Israel, by filing appropriate civil actions on behalf of the firm, if necessary.
When the lawsuit was filed, Glary & Israel had resolved approximately 100 cases in which settlement funds (including attorney’s fees) had not been received. The firm was also involved in approximately 180 other pending cases. Most of the clients in the ongoing cases eventually elected to be represented either by Mr. Glary, who became a principal in a newly formed law firm, Glary & Sacks, in May 2006; or by Mr. Israel, who went to work for Harris, Guidi, Rosner, Dunlap, Rudolph & Catlin, P.A. (Harris Guidi).[2]
On February 8, 2007, the receiver filed a motion requesting that the trial court enter an order compelling Mr. Glary, Mr. Israel, Harrell & Harrell, and Harris Guidi to transfer “any and all monies of Glary & Israel” to the receiver. Harrell & Harrell *1097 opposed the motion on grounds the funds it held belonged to Harrell & Harrell, not to Glary & Israel, and on grounds that the trial court lacked jurisdiction to order Harrell & Harrell, as a nonparty to the action, to transfer disputed funds to the receiver. Harrell & Harrell argued that the receiver should first be required to file and serve a complaint against Harrell & Harrell alleging the legal and factual basis for the receiver’s claim to the funds.[3] Mr. Glary opposed the transfer of funds to the receiver on the ground that Glary & Israel had forfeited any right to assert an attorney’s fee lien in contingency fee cases when it terminated representation for no reason attributable to its clients.[4] Mr. Glary also argued that “before any assets that are disputed should be transferred to a receiver, a determination has to be made that those are, in fact, assets of’ Glary & Israel.
On May 8, 2008, Mr. Israel filed a motion for partial summary judgment. The motion sought a determination of whether any or all of the fees awarded in cases in which Mr. Israel or Mr. Glary succeeded Glary & Israel could be claimed by the receiver as assets of Glary & Israel. He argued that the fees held by Harrell & Harrell were assets of Glary & Israel, and that, although Harrell & Harrell might have a claim to a portion of the fees it held, it should stand in no better position than any other creditor of Glary & Israel.[5] On October 15, 2008, the trial court entered an order on the motion, ruling that fees received from cases in which Glary & Israel had a retainer contract on or before April 11, 2006, were assets of Glary & Israel; and that all such fees should be divided between Mr. Glary and Mr. Israel in keeping with their shareholder agreement, after satisfying the law firm’s liabilities.
During a hearing held on December 22, 2009, the trial court stated its intention to enter an order dealing with all pending *1098 motions and addressing everyone’s interests in the “pots of money.” Counsel expressed concern that the trial court was proposing to rule on contested issues of fact without conducting an evidentiary hearing. On June 7, 2010, nevertheless, the trial court entered an order, without an evidentiary hearing, “Determining and Distributing Assets of Glary & Israel, P.A.” The trial court ordered Harrell & Harrell, Mr. Glary, Mr. Israel and Harris Guidi to deliver fees generated from “the old Glary [&] Israel cases after March 10, 2006” to the receiver. Mr. Glary and Harrell & Harrell were each ordered to deliver $274,549.20 to the receiver. Mr. Israel and Harris Guidi were ordered to deliver $314,035.54 to the receiver.
But a receiver has no greater right to property than the entity has whose property the receiver was appointed to marshal. See SouthTrust Bank of S.W. Fla., N.A. v. Krause, 677 So.2d 368, 370 (Fla. 2d DCA 1996). “[I]f a receiver wishes to obtain possession of property in the hands of a stranger to the suit, he must make that person a party or file a separate action against him.” Id. at 370 (citing First Nat’l Bank of Plano v. State, 555 S.W.2d 200, 203 (Tex.Civ.App.1977)).
The trial court denied Harrell & Harrell procedural due process in ordering it to transfer funds it claimed belonged to it without requiring the receiver (or any other party to the action) to plead and prove that the funds were assets of Glary & Israel. Even assuming the validity of the trial court’s order making Harrell & Harrell a party,[6] no claim was stated[7] against Harrell & Harrell. See Kerrigan, Estess, Rankin & McLeod v. State, 711 So.2d 1246, 1248 (Fla. 4th DCA 1998) (“An order denies due process if it adjudicates an issue that was not presented by the parties or the pleadings.”).
The right to procedural due process includes the right to “a full hearing before a court having jurisdiction of the matter, the right to introduce evidence at a meaningful time and in a meaningful manner, and judicial findings based upon that evidence.” Brinkley v. County of Flagler, 769 So.2d 468, 472 (Fla. 5th DCA 2000). See also State Dep’t of Fin. Servs. v. *1099 Branch Banking & Trust Co., 40 So.3d 829, 833 (Fia. 1st DCA 2010) (quoting Vollmer v. Key Dev. Props., Inc., 966 So.2d 1022, 1027 (Fla. 2d DCA 2007)) (“ ‘[T]he constitutional guarantee of due process requires that each litigant be given a full and fair opportunity to be heard. The right to be heard at an evidentiary hearing includes more than simply being allowed to be present and to speak. Instead, the right to be heard includes the right to introduce evidence at a meaningful time and in a meaningful manner. It also includes the opportunity to cross-examine witnesses and to be heard on questions of law. The violation of a litigant’s due process right to be heard requires reversal.’ ”).
Ownership of the funds was clearly contested below. In directing that the funds at issue be transferred to the receiver, the trial court implicitly made findings based on disputed issues of fact, even if only as to the amount of certain fees. Both Harrell & Harrell and Mr. Glary placed the trial court on notice that there were factual issues — including the exact nature of the relationship between Glary & Israel and Harrell & Harrell, which clients actually signed contracts of representation with Glary & Israel, and when they did so[8]— which necessitated an evidentiary hearing. Without an opportunity to present evidence on disputed issues of fact, Harrell & Harrell and Mr. Glary did not receive the procedural process and protections they were due.
Accordingly, the portion of the trial court’s order requiring Harrell & Harrell and Mr. Glary to transfer disputed funds to the receiver is vacated.[9]
WETHERELL and ROWE, JJ., concur.

. We do not disturb the order under review insofar as it establishes the priority of secured creditors’ liens.

. After Mr. Israel brought suit, it appears, Harrell & Harrell collected attorney's fees from cases which had been settled before March or April of 2006; Harris Guidi collected fees from cases in which clients elected to be represented by Mr. Israel; and both Harrell & Harrell and Harris Guidi retained the fees they collected from former Glary & Israel clients in trust accounts. Fees collected in cases in which former clients of Glary & Israel elected to be represented by Mr. Glary or Glary & Sacks were not apparently kept in a trust account or otherwise separate and apart.

.Judge Cole, the trial judge who initially presided over the case, agreed with this position, and counsel indicated an intention to make Harrell & Harrell a party. Neither the receiver nor Mr. Israel acted to bring Harrell & Harrell in as a party, however, perhaps in part because Harrell & Harrell filed its own declaratory action (only to take a dismissal on the eve of trial). On May 2, 2007, Harrell & Harrell filed an action seeking a declaratory judgment regarding ownership or entitlement to the funds it holds. It filed a notice of voluntary dismissal of the action on December 16, 2009.
Later, when the successor judge was reminded that Harrell & Harrell was not a party to the action, the court ruled Harrell & Harrell would be permitted to participate with regard to the claims procedure, because the firm had filed a claim against Glary & Israel, but did not have the right to participate as a party.
On June 7, 2010, however, in a separate order entered the same day as the order under review, the trial court granted the motion to intervene which Harrell & Harrell had filed on September 25, 2006, stating it was denying Harrell & Harrell's motion, filed October 26, 2006, to withdraw its motion to intervene. Harrell & Harrell actually filed a pleading on October 26, 2006, styled "Withdrawal of Motion to Intervene,” in which it gave "notice that it withdraws its Motion to Intervene.”
Harrell & Harrell does not, however, argue on this appeal that the trial court erred in entering the order treating its withdrawal of motion to intervene as a motion to withdraw its motion to intervene and denying the same.

. As to Glary & Sacks, Mr. Glary took the position that the trial court lacked jurisdiction over Glary & Sacks because no action had been filed against that firm. In the order under review, however, Glary & Sacks was not ordered to remit any funds to the receiver.

. On December 17, 2008, the trial court entered an order establishing a claims adjudication procedure, which required each creditor of Glary & Israel to file a proof of claim and to set forth the priority of their claims. Harrell & Harrell and Mr. Glary, who have not appealed the order, submitted proofs of claim under protest.

. Simultaneously with the directive to remit $274,549.20 to the receiver, the trial court purported to grant Harrell & Harrell’s motion to intervene, despite its withdrawal of the motion to intervene several years earlier. (Harrell & Harrell filed a motion to intervene on September 25, 2006, but withdrew the motion on October 26, 2006.) See Alger v. Peters, 88 So.2d 903, 906 (Fla.1956) ("It is so fundamental to our concept of justice that a citation of supporting authorities is unnecessary to hold that the rights of an individual cannot be adjudicated in a judicial proceeding to which he has not been made a party and from which he has literally been excluded by the failure of the moving party to bring him properly into court.”); Norville v. Bellsouth Adver. & Publ'g Corp., 664 So.2d 16 (Fla. 3d DCA 1995) ("Entering a judgment against a nonparty is fundamental error.”); Chase v. Turner, 560 So.2d 1317, 1319 (Fla. 1st DCA 1990) ("[A] court cannot award judgment against someone who is not a patty to the action.”).

. Mr. Glary also asserts on appeal that no pleading or lawsuit had ever been filed on behalf of Glary & Israel which sought the payment of any sum from him. But Mr. Glary was made a party to this action by the initial pleading, which sought an accounting of Glary & Israel’s assets. Mr. Israel asserted in the motion for partial summary judgment that Mr. Glary owed a continuing duty to protect the interests of former clients of Glary & Israel and that fees awarded in cases which were transferred to Mr. Glary should be transferred to the receiver. We reject Mr. Glaiy’s assertion that the trial court lacked subject matter jurisdiction over controversies between him, Mr. Israel, and Glary & Israel. Mr. Glary, too, however, was within his rights to insist that the receiver put on evidence to show any entitlement to disputed funds he claimed.

. As the trial court recognized, this might require a case-by-case determination of the ownership of fees at issue.

. Harris Guidi has apparently already remitted to the receiver the funds it was ordered to turn over; both Harris Guidi and Mr. Israel elected to comply with the order intended to bring the case to — or near — an end, rather than appealing.
Because the order on appeal (although styled final order) is an interlocutory order, the trial judge may revisit any portion of the interlocutory order not challenged on appeal in the interest of justice. See AC Holdings 2006, Inc. v. McCarty, 985 So.2d 1123, 1125 (Fla. 3d DCA 2008) ("[A] trial court has inherent authority to reconsider and modify its interlocutory orders.”); Oldock v. DL & B Enter., Inc., 966 So.2d 484, 485 (Fla. 2d DCA 2007) (”[I]t is well established that a trial court may consider and modify interlocutory orders at any time until final judgment is entered.”). See also Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 106 (Fla.2001) (noting that the doctrine of law of the case is " ‘limited to rulings on questions of law actually presented and considered on a former appeal,’ " (quoting U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061, 1063 (Fla.1983)) and that a "corollary of the law of the case doctrine is that a lower court is not precluded from passing on issues that 'have not necessarily been determined and become law of the case.' ” (quoting Greene v. Massey, 384 So.2d 24, 27 (Fla.1980))).