591 So.2d 252 (1991)
SOUTHERN NEUROSURGICAL ASSOCIATES, P.A., Petitioner,
v.
The Honorable Edward H. FINE, Circuit Court Judge for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Respondent.
No. 91-1525.
District Court of Appeal of Florida, Fourth District.
September 25, 1991.
As Corrected on Denial of Motion for Rehearing or Clarification December 18, 1991.
*253 Susan M. Seigle of Foley & Lardner, West Palm Beach, for petitioner.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Spence, Payne, Masington, Needle & Eversole, P.A., Miami, for respondents-Diana Corbin and Daniel Corbin.
PER CURIAM.
Petitioner filed this petition for writ of prohibition in order to obtain an order of this court requiring the trial court to dismiss this action below, because plaintiffs failed to serve a notice of intent on petitioner within the statutory limitation period. A show cause order was entered and response and reply have been received. Petitioner seeks alternative review by certiorari. We deny the petition for either.
Diana Corbin and her husband Daniel Corbin, who filed the response to the present petition, sued Boca Raton Community Hospital, Inc., Thomas Rankin, M.D., and Southern Neurosurgical Associates, P.A., alleging medical malpractice.
The plaintiffs served notice of intent on Boca Raton Hospital and on Dr. Rankin before filing their action. At the time, Rankin was not employed by or otherwise associated with petitioner, Southern Neurosurgical Associates. Rankin had been employed by Southern at the time of the surgery which underlies the tort claim. In giving notice to Rankin plaintiffs inquired of him concerning his professional association at the time of the alleged malpractice. Rankin took nearly three months to respond, and then erred in identifying Southern *254 as Southern Neurological Associates rather than Southern Neurosurgical Associates.
Plaintiffs say they served notice of intent on Southern on November 5, 1990. Southern says such notice may have been mailed on November 5, 1990, but Southern did not receive the notice until after the lawsuit was filed. The alleged malpractice occurred when Mrs. Corbin was hospitalized to correct a brain aneurysm. The dates mentioned in the notices of intent are June 2, 1988, when Mrs. Corbin was hospitalized and June 3, 1988, when no postoperative arteriogram was performed to assure proper clip placement.
On January 3, 1991, Southern filed a motion to dismiss the complaint against it, for failure to comply with section 766.106, Florida Statutes, and/or failure to bring the suit within the applicable statute of limitations. The motion pointed out many of the above stated facts. It quoted the pertinent part of section 766.106, which requires notice of intent to initiate litigation to all defendants in medical malpractice suits, with suit not to be filed for a period of ninety days after the notice is mailed to any prospective defendant. Southern argued that the provision of Florida Rule of Civil Procedure 1.650(b)(1) that notice to a prospective defendant operates as notice to other prospective defendants who bear a legal relationship to the defendant that was noticed is not applicable in the instant case, as at the time the notice was served on Dr. Rankin, Dr. Rankin was no longer in a legal relationship to Southern. Petitioner tells us that in a separate lawsuit involving both Southern and Dr. Rankin, Judge Rodgers found that rule 1.650 did not have the effect of making the notice on Rankin serve also as notice on Southern.
Petitioner's alternative argument was that the alleged medical negligence was said to have occurred either on June 3, 1988 or on July 23, 1988, and that the plaintiff either knew or should have known of the negligence when it occurred. Thus suit was commenced more than two years after the negligent act. Two years is the statutory limitation period for such suits. In a memorandum of law petitioner acknowledged that the Corbins disclaim knowledge of the alleged malpractice prior to December 18, 1988.
At hearing on petitioner's motion, the plaintiffs argued that if the notice on Dr. Rankin was insufficient as notice on Southern, the court had only to dismiss the action against Southern, with leave to amend after the ninety day pre-suit period. Southern argued this would not be correct because the limitation period had already run, as was evident from the face of the complaint. Reciting many of the above facts, petitioner contended that inasmuch as the Corbins had obtained an automatic ninety-day extension of the limitation period under then section 768.495, now section 766.104, the limitation period had run October 23, 1990. This calculation derives, of course, from the July 23rd date, when Mrs. Corbin experienced a major setback and returned to the hospital.
Petitioner's motion to dismiss was denied, and this petition followed.
The relief sought by petitioner is prohibition of further proceedings against Southern and direction to the court to dismiss the complaint against Southern for failure timely to serve notice of intent. Alternatively, should this court determine that it is not conclusively established from the face of the Corbins' complaint that the statute of limitations had expired before petitioner received the Corbins' notice of intent, they ask that the case be dismissed with leave to amend so that Southern will have the ninety days allowed statutorily to conduct its pre-suit investigation. The latter relief would require treating this petition as a petition for writ of certiorari.
We observe at the outset of our analysis that the Florida Supreme Court has rejected the contention that a plaintiff's failure to comply with a statutory condition precedent to suit deprives the trial court of subject matter jurisdiction. See Hospital Corp. of America v. Lindberg, 571 So.2d 446, 447 (Fla. 1990), which affirmed this court's opinion reported at 545 So.2d 1384 (Fla. 4th DCA 1989). Where the required presuit notice is served simultaneously *255 with the filing of the complaint, the complaint is subject to dismissal with leave to amend, and the plaintiff may subsequently file an amended complaint alleging compliance with presuit notice and screening requirements. 571 So.2d at 449. The limitation period is tolled when the patient sends the required notices.
So long as the limitation period has not yet run, a similar procedure is possible whenever statutory presuit requirements in such cases have not been met. However, such a cure is not available if the statutory period for initiating suit has run before the plaintiff attempts to fulfill the presuit notice or screening requirements. See, e.g., Public Health Trust of Dade County v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986).
In the order which petitioner is attacking here, the trial court, in denying petitioner's motion to dismiss, held that the notice of intent served on Dr. Rankin constituted notice to Southern; and that the running of the statute of limitations period before filing of the lawsuit did not appear conclusively on the face of the complaint. It would have been more correct to say that Southern had not succeeded in showing that service on Dr. Rankin did not constitute service on it. The second issue addressed became significant only if the first were resolved in favor of movant/petitioner, which we find has not been conclusively established.
Notwithstanding the parties' citations, there are some further wrinkles in this case and in the law that the parties have missed with respect to prohibition. The Florida Supreme Court in English v. McCrary, 348 So.2d 293 (Fla. 1977), said:
In Florida, the courts have consistently determined, in accord with the historical understanding and background of the writ of prohibition, that it is meant to be very narrow in scope, to be employed with great caution and utilized only in emergencies. Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction. It is preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower tribunal is about to do. Its purpose is to prevent the doing of something, not to compel the undoing of something already done. It cannot be used to revoke an order already entered.
....
Prohibition will be invoked only in emergency cases to forestall an impending present injury where person seeking writ has no other appropriate and adequate legal remedy. However, absence of an adequate remedy by an appeal or writ of error is not, in and of itself, sufficient to authorize the writ. Furthermore, only when damage is likely to follow the inferior court's acting without authority of law or in excess of jurisdiction will the writ issue.
Id. at 296-97 (citations omitted). Later, after discussing the broad jurisdiction of Florida circuit courts, and the distinction between acting without or in excess of jurisdiction and erroneous exercise of jurisdiction, the English court stated a suggestion for writ of prohibition must affirmatively show lack of jurisdiction in the lower court. Id. at 298.
Another case is City of Jacksonville Beach v. Duncan, 392 So.2d 25 (Fla. 1st DCA 1980), as modified on denial of rehearing (1981), petition for review denied, 399 So.2d 1141 (Fla. 1981). In a tort suit, the defendant, City of Jacksonville, petitioned for prohibition on the ground of sovereign immunity, and because the plaintiff had not complied with notice requirements under section 768.28, Florida Statutes. The appellate court denied the writ, saying that although it has been said that these issues go to the subject matter jurisdiction of the trial court, the determination of these questions is within the trial court's jurisdiction, and alleged error in such determinations does not form the basis for invoking the original jurisdiction of the District Court.
In the instant case, the petition falls short of affirmatively showing the trial court's lack of jurisdiction to try the case. *256 It is not clear that the limitation period had run before petitioner had notice of the intent to sue, inasmuch as there is a factual dispute respecting when plaintiffs knew or reasonably should have known that the alleged medical malpractice had occurred. The belated notice to Southern was within the limitation period if the date claimed by plaintiffs as to when they realized there had been negligent medical treatment holds up as a reasonable time for learning this. In light of English and Duncan, as well as cases referred to in the latter, we find prohibition will not lie here.
Petitioner bases its alternative certiorari theory of relief on the allegations that respondents did not furnish it the statutorily required pre-suit notice within the statutory limitations period for mounting such suits. Both whether such notice was in fact given through the notice given Dr. Rankin, and  granting, arguendo, that it was not  whether the statutory limitations period had run when respondents gave notice to petitioner directly are disputed issues of fact or law.
Primarily, the court had before it in this case at the time it acted on the motion to dismiss, so far as we can tell, the complaint, the motion to dismiss, a supporting affidavit of the president of Southern stating Dr. Rankin was not employed by Southern at the time Dr. Rankin was given notice of the intent to litigate, and argument of counsel. The court could not be expected on the basis of this to determine that the notice to Rankin was not notice to Southern, and that the subsequent notice to Southern was served more than two years (the limitations period) after respondents knew or reasonably should have known of the medical malpractice.
In paragraph fifteen of the complaint respondents/plaintiffs maintain that they did not learn of the malpractice until December 18, 1988. Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7, 11 (Fla. 1973), held that for purposes of passing on a motion to dismiss a complaint, the court must assume that all facts alleged in the complaint are true. On the matter of when they reasonably should have known of the injury caused by negligence, Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985), supports the view that knowledge that one suffered injury during or subsequent to an operation, which could be supposed to have arisen out of natural causes, need not constitute notice of negligence or injury caused by negligence.
Accordingly, we cannot at this juncture determine that the trial court departed from the essential requirements of law in denying the motion to dismiss.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.
STONE, J., concurs in result only.