PER CURIAM.
We deny the petition for writ of certiorari in this medical malpractice action in which the Petitioners/Defendants seek review of pretrial orders holding that Plaintiffs have complied with the presuit screening requirements of section 766, Florida Statutes.
We recognize that certiorari review may be used to challenge an order that denies a motion to dismiss for failure to comply with the statutory presuit notice requirements, *168 provided that there is a demonstrable irreparable injury and a departure from the essential requirements of law, even though certiorari is ordinarily not available to review an order denying a motion to dismiss under Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). See Shands Teaching Hospital and Clinics, Inc. v. Barber, 638 So.2d 570 (Fla. 1st DCA 1994); Miami Physical Therapy Assoc., Inc. v. Savage, 632 So.2d 114 (Fla. 3d DCA 1994); NME Properties, Inc. v. McCullough, 590 So.2d 439 (Fla. 2d DCA 1991). See also Southern Neurosurgical Assoc., P.A. v. Fine, 591 So.2d 252 (Fla. 4th DCA 1991). However, here Petitioners have failed to demonstrate such a departure from the essential requirements of law. Duffy v. Brooker, 614 So.2d 539 (Fla. 1st DCA), rev. denied sub nom. Physicians Protective Trust Fund v. Brooker, 624 So.2d 267 (Fla.1993); Williams v. Powers, 619 So.2d 980 (Fla. 5th DCA 1993); Wolfsen v. Applegate, 619 So.2d 1050 (Fla. 1st DCA 1993).
The petition is denied.
STONE, POLEN and PARIENTE, JJ., concur.