662 So.2d 417 (1995)
BOARD OF COUNTY COMMISSIONERS OF METROPOLITAN DADE COUNTY, a political subdivision of the State of Florida, Defendant/Appellant, and Lakes By The Bay Community Council, a voluntary association, Intervenor-Defendant/Appellant,
v.
Calvin F. WOOD, Appellee.
Nos. 95-923, 95-801.
District Court of Appeal of Florida, Third District.
November 8, 1995.
*418 Robert A. Ginsburg, Dade County Attorney, and Craig H. Coller, Assistant County Attorney, for appellant, Board of County Commissioners.
Shubin & Bass, and John K. Shubin, Miami, for intervenor-appellant, Lakes By The Bay Community Council.
Baker & McKenzie, and Anthony J. O'Donnell, Jr., Miami, for appellee.
Before NESBITT, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Appellant Lakes By the Bay Community Council [the "Lakes Council"] appeals the entry of a writ of prohibition preventing review of a zoning decision by appellant Board of County Commissioners [the "Board"]. We reverse based upon our conclusion that the Board has the right to determine whether the Lakes Council has standing as a neighborhood association to prosecute the appeal.
Appellee Calvin F. Wood ["Wood"] owns a tract of land next to the Dade County sewage treatment plant, and applied for an unusual-use zoning variance for the property in order to build an electrical power plant. At the hearing before the Zoning Appeals Board, nearby residents, including members of the Lakes Council, presented testimony objecting to the proposed use. Specifically, one individual stated he was a member of the board of directors of the Lakes Council, and that he was concerned regarding establishing a record for a contemplated appeal.
At the conclusion of the proceedings, the Zoning Appeals Board voted to approve the application. The Lakes Council then filed a petition for an administrative appeal to the Board. In response, Wood filed a motion to dismiss the appeal claiming the Board lacked jurisdiction to hear the matter pursuant to Section 33-313 of the Dade County Code.
Section 33-313 governs appeals from decisions of the Zoning Appeals Board to the Board. This section provides:
Any appealable decision of the Zoning Appeals Board may be appealed by an applicant, governing body of any municipality, if affected, or any aggrieved party, including neighborhood, community and civic associations, whose name appears in the record of the Zoning Appeals Board by filing with the Department a petition in a form prescribed by the Director and a written statement specifying in brief, concise language the grounds and reasons for reversal of the ruling made by the Zoning Appeals Board... .
When the Board scheduled and noticed a hearing on the appeal, Wood filed a complaint for writ of prohibition with the circuit court, asserting as one of its grounds that the Board did not have jurisdiction to entertain the appeal because the Lakes Council lacked standing as an "aggrieved party" pursuant to Section 33-313. The Lakes Council was permitted to intervene for the limited purpose of establishing its status as an aggrieved party. Thereafter the circuit court entered a final judgment issuing a writ of prohibition to the Board, prohibiting the Board from exercising jurisdiction over the appeal brought by the Lakes Council.
A writ of prohibition is an extraordinary remedy which should only be invoked in emergency cases where a lower court is without jurisdiction, in order to prevent an injury when there is no other adequate legal remedy. Hamlin v. East Coast Properties, Inc., 616 So.2d 1175 (Fla. 1st DCA 1993); Mandico v. Taos Constr., Inc., 605 So.2d 850 (Fla. 1992); Southern Neurosurgical Assoc., P.A. v. Fine, 591 So.2d 252 (Fla. 4th DCA 1991). Prohibition is to be employed with great caution and "may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction; nor may it be used to test the correctness of a lower tribunal's ruling on jurisdiction where the existence of jurisdiction depends on controverted facts that the inferior tribunal has jurisdiction to determine." *419 Mandico v. Taos Constr., Inc., 605 So.2d at 854.
Applying these principles, we find that at this stage of the proceedings, it is proper for the Board to make an initial determination as to whether it has jurisdiction over the appeal. See English v. McCrary, 348 So.2d 293 (Fla. 1977). Accordingly, we quash the prohibition and remand for the Board to hold a hearing to determine the Lakes Council's standing to appeal the Zoning Appeals Board decision. In making such a determination, we caution the Board to ensure that the Lakes Council presents sufficient criteria to establish its qualifications not only as a neighborhood association, but also as an aggrieved party, rather than a "mere intermeddler in the administrative process." See Douglaston Civic Ass'n Inc. v. Galvin, 36 N.Y.2d 1, 364 N.Y.S.2d 830 (1974).
Reversed and remanded with instructions.