# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1910
Lower Tribunal No. 14-3316
_____

**Gary Shteyn and Natalya Shteyn,**
Petitioner,

vs.

**Grandview Palace Condo Assn., etc., et al.,**
Respondents.


A Case of Original Jurisdiction – Prohibition.

Ellsworth Law Firm, P.A., and Sean M. Ellsworth, for petitioner.

Conde & Cohen, P.L., and Aaron R. Cohen, for respondents.


Before ROTHENBERG, LOGUE and SCALES, JJ.

SCALES, J.

Petitioners, former tenants in a residential condominium, seek a writ of

prohibition, prohibiting the circuit court from proceeding to adjudicate the plaintiff

condominium association's claim seeking injunctive relief against petitioners. Because the plaintiff may be entitled to the injunctive relief it seeks against the petitioners, we deny the petition.

## I.   FACTS

The plaintiff condominium association filed a three-count complaint against petitioners and their landlord, the unit owner. The complaint sought: (i) to enjoin the defendants from violating the association's rules and regulations; (ii) eviction; and (iii) ejectment.

Several months after the complaint was filed, the tenants (petitioners here) moved out of the subject condominium unit.

The petitioners then obtained a summary judgment on the eviction and ejectment counts, as those counts were rendered moot by petitioners' vacating the subject unit.

However, the trial court denied the petitioners' motion for summary judgment with regard to the injunction count.

The petitioners then filed the instant petition seeking this court to enter a writ prohibiting the circuit court from continuing to exercise jurisdiction over the case.

## II.   ANALYSIS

Prohibition is an extraordinary remedy used to restrain the unlawful exercise of jurisdiction by the lower tribunal.  See Bd. of Cnty. Comm'rs v. Wood, 662 So. 2d

417, 418 (Fla. 3d DCA 1995).  It is a preventative remedy granted only to prohibit the circuit court from acting in excess of its jurisdiction.  Symons v. Symons, 7 So. 3d 546, 547 (Fla. 3d DCA 2008).

The Florida Legislature has expressly vested Florida's circuit courts with jurisdiction to grant injunctive relief to condominium associations against unit owners and tenants.

Section 718.303(1)(b),(e), Florida Statutes (2013), reads in relevant part, as follows: "Actions for . . . injunctive relief . . . may be brought by the association . . . against . . . (b) [a] unit owner . . . (e) [a]ny tenant leasing a unit, and any other invitee occupying a unit." (emphasis added).

Petitioners argue, however, that, since they moved out of the subject unit several months after the lawsuit was filed, they are no longer a "tenant leasing a unit" as contemplated in Section 718.303(1)(e), and the circuit court is thus divested of subject matter jurisdiction over the plaintiff's injunction claim against them.

Petitioners, though, concede that, at the time the lawsuit was "brought" by the association, they were, indeed, occupying the unit. Hence, pursuant to the unambiguous language of the subject statute, the circuit court plainly had subject matter jurisdiction at the time the action was brought. The defendants' act of moving out of the unit after the lawsuit was filed in no way divested the circuit

3

court of such jurisdiction.  See, e.g., <u>Atheists of Fla., Inc. v. City of Lakeland</u>, 713 F. 3d 577, 594 (11th Cir. 2013) ("[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued.") (citation omitted).

Further, the plaintiff seeks an order from the circuit court "permanently enjoining [the petitioners] from residing in any condominium unit" governed by the subject association.

While it would obviously be premature for us to opine whether the plaintiff would be entitled to such relief, the circuit court surely has the subject matter jurisdiction to adjudicate the association's claim for the requested relief.

Petition denied.

4