# Third District Court of Appeal

## State of Florida

Opinion filed June 1, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2920
Lower Tribunal Nos. 14-5679E; 14-5669E; 14-5668E

_____

**The School Board of Miami-Dade County, Florida,**
Petitioner,

vs.

**C.A.F., S.R.F., and J.H.F.,**
Respondents.

A Case of Original Jurisdiction – Prohibition.

Walter J. Harvey, School Board Attorney, and Mary C. Lawson, Assistant School Board Attorney; Cole, Scott & Kissane, P.A., and Scott A. Cole, Edward S. Polk, and Alexandra Valdes, for petitioner.

Making School Work, P.L., and Allison Hertog; Langer Law, P.A., and Stephanie Langer and Kristina Tilson, for respondents.

Before SALTER, LOGUE, and SCALES, JJ.

LOGUE, J.

The School Board of Miami-Dade County seeks a writ of prohibition or, alternatively, a writ of certiorari to prevent the administrative law judge from awarding attorneys' fees. For the following reasons, we dismiss the petition.

## BACKGROUND

The Individual with Disabilities Education Act ("IDEA") and companion Florida Statutes provide the backdrop for this case. The IDEA is a comprehensive federal statutory scheme that governs the manner in which states provide special education and related services to children with disabilities. See 20 U.S.C. § 1400 et seq. It essentially creates a federal grant program. § 1400(d). To qualify for such funding, participating states must provide a "free appropriate public education" to children with disabilities. § 1412(a)(1).

Frequently described as the model of cooperative federalism, the IDEA "leaves to the States the primary responsibility for developing and executing educational programs for handicapped children, [but] imposes significant requirements to be followed in the discharge of that responsibility." Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 52 (2005) (citation omitted). One such requirement is cooperation and reporting between state and federal educational authorities regarding "policies and procedures" that will effectively meet the IDEA's conditions. 20 U.S.C. § 1412(a); Schaffer, 546 U.S. at 52. Participating states must certify to the Secretary of Education that they have such policies and

procedures. 20 U.S.C. § 1412(a); Schaffer, 546 U.S. at 52. "State educational agencies, in turn, must ensure that local schools and teachers are meeting the State's educational standard." Id. A local education agency, such as a school board, can receive IDEA funds if it certifies to a state educational agency that it is acting in accordance with the state's policies and procedures. 20 U.S.C. § 1413(a)(1); Schaffer, 546 U.S. at 52-53.

The core of the IDEA is the collaboration it establishes between parents and schools. Id. at 53. "The central vehicle for this collaboration is the [individualized education program] process." Id. This process requires educational authorities to identify and evaluate children with disabilities, develop an individualized education program for each child, and review every individualized education program at least once a year. Id. Parents play a crucial role in this process. Id. at 53-54 (summarizing the role of parents). In this regard, the IDEA provides parents with certain rights. If parents believe that an individualized education program is not appropriate, they may seek an administrative "impartial due process hearing." 20 U.S.C. § 1415(f); Schaffer, 549 U.S. at 53.

In Florida, these due process hearings must be conducted by an administrative law judge ("ALJ") of the Division of Administrative Hearings. § 1003.57(1)(c), Fla. Stat. (2014) ("The hearing must be conducted by an administrative law judge from the Division of Administrative Hearings pursuant to

3

a contract between the Department of Education and the Division of Administrative Hearings."). The ALJ conducts these hearings pursuant to section 1003.57, Florida Statutes, and rule 6A–6.03311 of the Florida Administrative Code. Due process hearings are not subject to all of the requirements in the Florida Administrative Procedure Act because "[s]uch hearings are exempt from ss. 120.569, 120.57, and 286.011, except to the extent that the State Board of Education adopts rules establishing other procedures." § 1003.57(1)(c), Fla. Stat. Following a due process hearing, an aggrieved party may bring a civil action in a court of competent jurisdiction to challenge the decision of the ALJ. Id.; Fla. Admin. Code R. 6A–6.03311 (9)(w).

The parents of the Respondents, who are brothers and former students of the Miami-Dade County Public School System, brought three administrative due process cases on behalf of their children. They alleged that the School Board failed to implement the individualized education program for each child. The ALJ agreed and entered detailed "final orders" explaining why. In those same orders, the ALJ indicated that the Respondents were entitled to attorneys' fees as the prevailing parties. The orders, however, required the Respondents to file motions for attorneys' fees with documents attached, such as time sheets and affidavits, supporting an award of fees. The School Board moved for reconsideration, which was denied. After the Respondents filed motions for attorneys' fees pursuant to

4

rule 6A-6.03311(9)(x), the ALJ issued orders reopening the cases. The orders provided, among other things, that the School Board could raise any defense to the motions for attorneys' fees, including "whether it challenges the jurisdiction of the Division of Administrative Hearings to award attorney's fees pursuant to rule 6A-6.03311(9)(x)." This petition followed.

## ANALYSIS

The School Board seeks to prevent the ALJ from awarding attorneys' fees. It argues that the ALJ is acting in excess of its jurisdiction to hear IDEA disputes by awarding attorneys' fees under rule 6A-6.03311(9)(x).[1]

_____

[1] Rule 6A–6.03311(9)(x) provides, in pertinent part:

> <u>In any due process hearing</u> or subsequent judicial proceeding brought under this rule, <u>the court</u>, in its discretion, may award reasonable attorneys' fees as part of the costs to . . . The prevailing party who is the parent of a student with a disability . . . .

(emphasis added).

The School Board argues that rule 6A–6.03311(9)(x) cannot provide the ALJ with jurisdiction to award attorneys' fees, but rather only the IDEA and companion Florida Statutes can do so. Because, according to the School Board, neither the IDEA nor companion Florida Statutes provide the ALJ with such jurisdiction, the ALJ acts in excess of its jurisdiction to hear IDEA disputes when it seeks to award attorneys' fees. In any event, the School Board argues that the use of the word "court" in rule 6A–6.03311(9)(x) should be interpreted to mean only a federal district or state circuit court can award attorneys' fees.

The Respondents disagree. They argue that rule 6A–6.03311(9)(x) permits the award of attorneys' fees in due process hearings, and because the ALJ is the only tribunal who can conduct such hearings, "court" should be interpreted to include the ALJ. According to the Respondents, to hold otherwise would render rule 6A–

We begin by addressing the School Board's request for a writ of prohibition. "Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction." <u>Roberts v. Brown</u>, 43 So. 3d 673, 677-78 (Fla. 2010) (citation omitted). It is a preventative remedy. <u>Id.</u> at 678. In other words, the purpose of a writ of prohibition "is to prevent the doing of something, not to compel the undoing of something already done." <u>Id.</u> (citation omitted). Because the School Board argues that the ALJ is acting in excess of its jurisdiction, and seeks to prevent the ALJ from awarding attorneys' fees, it contends that a writ of prohibition is proper.

On this record, however, prohibition is not available. It is well-settled law that prohibition may not be used to divest a lower tribunal of jurisdiction to determine whether it has jurisdiction over a particular matter. <u>Mandico v. Taos Constr., Inc.</u>, 605 So. 2d 850, 854 (Fla. 1992); <u>Bd. of Cty. Comm'rs of Metro. Dade Cty. v. Wood</u>, 662 So. 2d 417, 418 (Fla. 3d DCA 1995). The orders reopening the cases, from which this petition arises, demonstrate that the ALJ has not determined whether it has jurisdiction to award attorneys' fees. Those orders specifically allow the School Board to challenge the ALJ's jurisdiction to award attorneys' fees. For this reason, this petition for a writ of prohibition is premature. <u>See</u> <u>English v. McCrary</u>, 348 So. 2d 293, 296 (Fla. 1977) ("[Prohibition] is meant

6.03311(9)(x) nonsensical. Because we dismiss this petition, we expressly decline to reach these issues.

6

to be very narrow in scope, to be employed with great caution and utilized only in emergencies.").

We also dismiss this petition to the extent the School Board seeks a writ of certiorari to quash the orders reopening the cases. To support a writ of certiorari, the petitioner must demonstrate that the challenged non-final order (1) departs from the essential requirements of law, (2) results in material injury for the remainder of the case, and (3) such injury is incapable of correction on postjudgment appeal. Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 351 (Fla. 2012). The last two elements are referred to as irreparable harm, the establishment of which is a condition precedent to invoking certiorari jurisdiction. Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012); Sea Coast Fire, Inc. v. Triangle Fire, Inc., 170 So. 3d 804, 807 (Fla. 3d DCA 2014).

The School Board claims it will be irreparably harmed by the orders reopening the cases because it "will be required to expend unrecoverable public funds on an attorneys' fees hearing that does not comport with the essential requirements of the law." It is well-established law, however, that "the continuation of litigation and any ensuing costs, time, and effort in defending such litigation does not constitute irreparable harm." Rodriguez v. Miami-Dade Cty.,

117 So. 3d 400, 405 (Fla. 2013). Thus, the use of certiorari review is improper in this circumstance.

Petition dismissed.