# Third District Court of Appeal

## State of Florida

Opinion filed August 10, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-645
Lower Tribunal No. 18-28229
_____

**Kevin Vericker,**
Petitioner,

vs.

**Norman Powell,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Pierre Simon, and Faudlin Pierre (Fort Lauderdale), for petitioner.

Feldman Kodsi, and Neil D. Kodsi and Andrew M. Feldman, for respondent.

Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

SCALES, J.

Petitioner Kevin Vericker, defendant below, seeks certiorari review of the trial court's non-final order denying Petitioner's summary judgment motion. Petitioner's motion asserted that Respondent Norman Powell's, defamation lawsuit is barred by Florida's Anti-SLAPP statute.[1] We decline Petitioner's invitation to expand our certiorari jurisdiction to review the challenged non-final order. In so doing, we adopt the reasoning of our colleagues on Florida's Fourth District Court of Appeal and certify conflict with contrary cases from our colleagues on Florida's Second District Court of Appeal.

## I.    Relevant Background

In this case, Petitioner published a blog site commenting on North Bay Village, Florida, and its municipal government. After North Bay Village hired Respondent as its Village Attorney, Petitioner published multiple critical

---

[1]    Section 768.295 of the Florida Statutes, titled "Strategic Lawsuits Against Public Participation (SLAPP) prohibited" and commonly known as Florida's Anti-SLAPP statute, prohibits lawsuits that "are inconsistent with the right of persons to exercise such constitutional rights of free speech in connection with public issues." § 768.295(1), Fla. Stat. (2021).  Specifically, the statute prevents the filing of "any lawsuit, cause of action, claim, cross-claim, or counterclaim against another person or entity without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue, or right to peacefully assemble, to instruct representatives of government, or to petition for redress of grievances before the various governmental entities of this state, as protected by the First Amendment to the United States Constitution and s. 5, Art. I of the State Constitution." § 768.295(3), Fla. Stat. (2021).

comments about Respondent, raising doubts about Respondent's character and competence as an attorney. Respondent filed the instant defamation suit against Petitioner, who then filed a summary judgment motion that incorporated what Petitioner characterized as an "Anti-SLAPP motion." Petitioner's motion asserted that Respondent's lawsuit was meritless and that Respondent, a public official, could not show actual malice per New York Times Co. v. Sullivan, 376 U.S. 254 (1964).

In a March 15, 2022 summary judgment order, the trial court denied Petitioner's motion on the ground that there are genuine issues of material fact as to whether Petitioner's published comments were false and defamatory.[2] On April 14, 2022, Petitioner sought certiorari relief from this Court.

## II.    Analysis

Petitioner argues that we should follow the jurisprudence of Florida's Second District Court of Appeal and exercise our certiorari jurisdiction to review the challenged non-final order because this order allegedly deprives Petitioner of a substantive right – afforded to him by Florida's Anti-SLAPP

---

[2] The trial court's order also concluded that Florida's Anti-SLAPP statute did not create a stand-alone, "anti-SLAPP motion" practice with substantive standards different from Florida's summary judgment standard. Because we are dismissing Petitioner's certiorari petition for lack of jurisdiction, we need not, and do not, reach this issue.

statute – not to be subject to a meritless lawsuit filed primarily in response to a defendant exercising his or her constitutional right to free speech.[3]

While we recognize the strong policy arguments for exercising certiorari jurisdiction advanced by our Second District colleagues, we are reluctant to expand, via caselaw, the very limited scope of our certiorari jurisdiction, even to accomplish what may be a commendable result.  Rather, we adopt the rationale expressed by the Fourth District Court of Appeal in WPB Residents for Integrity in Government, Inc. v. Materio, 284 So. 3d 555 (Fla. 4th DCA 2019), and Geddes v. Jupiter Island, LLC, 2022 WL 2335021 (Fla. 4th DCA June 29, 2022). We agree with the Fourth District that our Florida Supreme Court has made it clear that "when public policy favors interlocutory review, the proper course is for the court to amend the non-final appeal rule, not to expand certiorari jurisdiction." Materio, 284 So. 3d at 560.

As the Materio court aptly stated:

Unlike a case-by-case expansion of certiorari jurisdiction by district courts of appeal, which would create an imprecise, twisty jurisdictional line, a rule change sets a bright-line jurisdictional rule. Different courts will reach different conclusions in evaluating

---

[3] The recent Second District cases are Davis v. Mishiyev, 339 So. 3d 449 (Fla. 2d DCA May 11, 2022), Baird v. Mason Classical Academy, Inc., 317 So. 3d 264 (Fla. 2d DCA 2021), and Gundel v. AV Homes, Inc., 264 So. 3d 304 (Fla. 2d DCA 2019).

whether there has been a departure from the essential requirements of law necessary for certiorari jurisdiction. In deciding on a rule change, the Supreme Court is uniquely situated to weigh the competing policies implicated by an expansion of appellate jurisdiction to accommodate immunity or Anti-SLAPP related issues.

Id. at 560.

In Florida Rule of Appellate Procedure 9.130, our Supreme Court, after receiving input from stakeholders and after having made careful policy considerations, has crafted a specific schedule of appealable non-final orders. Obviously, a District Court's adjudication of a single certiorari case does not have the benefit of the process that accompanies a rule amendment. With our certification of conflict with the contrary cases from the Second District, coupled with our referral of the issue to the Florida Bar's appellate rules committee, we are confident of invoking a more deliberative approach to the issue of whether such non-final orders – denying motions premised on Florida's Anti-SLAPP statute – should be immediately appealable.

Absent such a rule, though, we are compelled to continue to follow this Court's general jurisprudence dictating that a party's having to defend against a lawsuit, even if meritless, does not constitute sufficient irreparable harm to invoke our certiorari jurisdiction. See Rodriguez v. Miami-Dade Cnty., 117 So. 3d 400, 405 (Fla. 2013) ("[W]e reiterate that the continuation

of litigation and any ensuing costs, time, and effort in defending such litigation does not constitute irreparable harm"); Sch. Bd. of Miami-Dade Cnty. v. C.A.F., 194 So. 3d 493, 497 (Fla. 3d DCA 2016). We, therefore, dismiss the instant petition for lack of jurisdiction,[4] and certify conflict with Davis, Baird, and Gundel. We also refer to the Florida Bar's Appellate Rules Committee the issue of whether rule 9.130's schedule of appealable non-final orders should be amended to include orders that determine motions premised upon Florida's Anti-SLAPP statute.

Petition dismissed; conflict certified; referral made.

---

[4] We express no opinion as to the correctness of the trial court's order.

GORDO, J., specially concurring.

I concur in the majority's view that binding precedent dictates certiorari jurisdiction ought not be expanded on a case-by-case basis. I write separately to emphasize, however, that our colleagues on the Second District Court of Appeal make a compelling argument that if a claim is meritless, the expense or continuation of litigation is not the harm at issue. Rather it is the initiation and continuation of the litigation itself. The legislature has given a clear public policy directive within the plain language of the Anti-SLAPP statute:

> It is the public policy of this state that a person or governmental entity not engage in SLAPP suits because **such actions are inconsistent with the right of persons to exercise such constitutional rights of free speech in connection with public issues**. Therefore, **the Legislature finds and declares that prohibiting such lawsuits as herein described will preserve this fundamental state policy, preserve the constitutional rights of persons in Florida, and assure the continuation of representative government in this state**. It is the intent of the Legislature that such lawsuits be expeditiously disposed of by the courts.

§ 768.295, Fla. Stat. (emphasis added).

7

It is hard to conceptualize a procedure in which the legislature has created a substantive right to be free from meritless litigation—rooted in public policy meant to protect constitutional rights—while not allowing for interlocutory review of whether that substantive right is being violated. I find this to be a significant issue that deserves review.

FERNANDEZ, C.J., and SCALES, J. concur.